THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD J. McCORKLE, Defendant-Appellant.

Third District   No. 3—92—0292

Opinion filed January 8, 1993.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Donald J. McCorkle, was charged with criminal sexual assault and aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, pars. 12—13, 12—16). Following a jury trial he was convicted of aggravated criminal sexual abuse and sentenced to three years' imprisonment. He appeals.

The record shows that the victim was a 16-year-old female. She baby-sat the defendant's daughter, Natalie, at the defendant's ex-wife's residence. The victim and Natalie eventually became friends. Natalie stayed overnight with the defendant during visitations, and occasionally the victim also stayed with them.

The victim testified about several incidents that occurred when she stayed overnight with the defendant. One night the defendant carried her into his room and placed her on his bed. He touched her

and put his finger in her vagina. Another night the defendant called the victim into his bedroom, where he again sexually molested her. Finally, on a night before a trip to Great America, the defendant once again sexually molested her.

The victim said that she was subsequently admitted to a mental hospital. When she was released, she told Doris Angel what the defendant had done. The victim later called the defendant several times. She told him she was sorry and that she said he had molested her because she did not want to go back to the hospital. She believed that the defendant had something to do with her being committed to the hospital, and she was upset about not being able to see Natalie while she was hospitalized.

The defendant testified that he never sexually molested the victim. He stated that he once took her to his bedroom and laid her on his bed because she was hyperventilating. He also testified that on another night he heard noises. When he got up, he saw the victim standing in a dazed condition in front of his bathroom.

Natalie testified that she never witnessed the defendant sexually molest the victim. She also said that she once observed the victim hyperventilate, and the defendant helped the victim into the house and put her on his bed.

The defendant's ex-wife, Lori Wirt, testified that the defendant spent quite a bit of time at the restaurant where the victim worked. The defendant went there at least once and often twice a day. She further testified that she was only 16 years old when she began dating the defendant. At that time, the defendant was 36 years old, and he had to sign a contract with Wirt's parents stating when and where he could see her.

The record also shows that the victim is mildly retarded. Psychiatric testimony established that she is hyperactive, restless, impulsive, and totally unpredictable in what she will say.

During closing argument, the prosecutor rhetorically asked why someone in the defendant's position would go after "jail bait." The prosecutor then noted that the defendant had gone after "jail bait" before when he dated Lori Wirt, and that it had been such a problem that he had to enter into a contract with Wirt's parents.

The defendant argues on appeal that he was deprived of a fair trial. Specifically, he claims that the testimony which established he dated his ex-wife when she was 16 years old was improper. He also claims that the prosecutor's closing argument stating that the defendant had a propensity for relationships with "jail bait" was improper. We agree.

It is well established that evidence of crimes or bad acts other than that for which a defendant is being tried is inadmissible if it is used solely to suggest that a defendant has a propensity to commit crimes. (*People v. Adams* (1985), 109 Ill. 2d 102, 485 N.E.2d 339; *People v. Tiller* (1982), 94 Ill. 2d 303, 447 N.E.2d 174.) Furthermore, it is improper for a prosecutor to make statements solely for the purpose of inflaming the passions and arousing the prejudices of the jury. *People v. Witted* (1979), 79 Ill. App. 3d 156, 398 N.E.2d 68.

We find that the prosecutor's examination of Lori Wirt was improper. The evidence prejudiced the defendant because it was used solely to imply that he had a propensity to commit sexual crimes with young women. The prosecutor then greatly exacerbated the prejudice in closing argument by asserting that the defendant had been attracted to "jail bait" before.

We note that the defendant failed to object to the errors at trial or in his post-trial motion, thereby raising the possibility that he waived them. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124; *People v. Whitehead* (1987), 116 Ill. 2d 425, 508 N.E.2d 687.) However, an exception to the waiver rule is the plain error doctrine. Plain error is restricted to the correction of grave errors or to situations where the case is close factually and fundamental fairness requires a new trial. *People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248.

Our review of the record in the instant case reveals that the evidence was close. The victim's testimony was confused and at times contradictory. There was little corroboration of her testimony, and there was also psychiatric testimony indicating that she had little reliability. Although the evidence was sufficient to meet the *Collins* standard on review (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267), we find that the evidence was so close that plain and reversible error occurred. We therefore reverse the conviction and remand the cause for further proceedings.

Because of our resolution of these issues, we need not address the sentencing issues raised by the defendant.

We reverse the judgment of the circuit court of Rock Island County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

SLATER and BARRY, JJ., concur.